IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VIDA CHANCE, #06862-007, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-cv-195-MJR |
| ) | |
| JOHN DOE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Vida Chance, formerly an inmate in USP-Marion, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under

§ 1915A; this action is subject to summary dismissal.

Chance states that on March 14, 2005, Defendants – at least eight members of a team in riot gear – came to his cell in the control unit and instructed him to cuff up. Before he could comply, one officer sprayed a chemical agent in his face, and another fired bullets at him. After Chance was extracted from his cell, Defendants took him to the Special Housing Unit, kneeing and punching him en route. In the SHU they stripped him to his underclothes and chained him to a bed, again punching and kneeing him while threatening to kill him. Chance alleges that he was chained to the bed for 48 hours, and he now seeks $5 millions in damages from each Defendants.

> Bivens actions, like actions under § 1983, are considered as personal injury claims and are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred. *Lewellen v. Morley*, 875 F.2d 118, 120 (7th Cir. 1989); see also *Hardin v. Straub*, 490 U.S. 536, 539, 109 S.Ct. 1998, 2000-01, 104 L.Ed.2d 582 (1989); *Wilson v. Garcia*, 471 U.S. 261, 279, 105 S.Ct. 1938, 1948-49, 85 L.Ed.2d 254 (1985).

*Delgado-Brunet v. Clark,* 93 F.3d 339, 342 (7th Cir. 1996).

Section 1983 provides a private remedy for protecting constitutional rights. *Albright v. Oliver*, 114 S.Ct. 807, 811 (1994). "Section 1983 'is not itself a source of substantive rights' but merely provides a 'method for vindicating federal rights elsewhere conferred.'" *Albright*, 114 S.Ct. at 811 (emphasis added) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). In a Section 1983 case, courts look to the personal injury laws of the state where the injury occurred to determine the statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). Illinois law provides a two-year statute of limitations for personal injury actions. 735 ILCS 5/13-202. Therefore, Section 1983 claims arising in Illinois are governed by a two-year statute of limitations. *See Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). Federal law, however, governs the accrual of such claims. *Kelly*, 4 F.3d at 511.

A Section 1983 claim accrues when "a plaintiff knows or should know that his or her constitutional rights have been violated." *Kelly*, 4 F.3d at 511.  In this case, the incident in question happened on March 14, 2005; thus this action should have been filed within two years, or by March 14, 2007.  However, Chance did not file this action until March 11, 2010, over three years too late.  Therefore, since Chance's complaint was not filed within the statute of limitations period, his claim does not survive review under 28 U.S.C. § 1915A.

Accordingly, this action is **DISMISSED with prejudice**.  Chance should consider his complaint dismissed as legally frivolous within the meaning of 28 U.S.C. § 1915A(b)(1).  Therefore, Chance is **ADVISED** that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  *See Okoro v. Bohman,* 164 F.3d 1059, 1063 (7th Cir. 1999) ("The term 'frivolous' is used to denote not only a claim wholly lacking in merit but also a suit that, for whatever reason, clearly can't be maintained.").

**IT IS SO ORDERED.**

**DATED this 24th day of September, 2010.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**